# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| SOLAS OLED LTD., | |
| *Plaintiff*, | Case No. 2:21-cv-00105-JRG |
| vs. | ██████████ |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., | ██████████ |
| *Defendants*. | |

**SAMSUNG'S MOTION TO DISMISS
UNDER FEDERAL RULE OF CIVIL PROCEDURE 12
OR, ALTERNATIVELY, TO TRANSFER UNDER 28 U.S.C. § 1404(a)**

██████████████████████

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND ................................................................................................ 3

    A.    Solas's and Neodron's Litigation Campaign ......................................... 3

    B.    Samsung Pays for Permanent Peace ...................................................... 4

    C.    Solas Continues the Campaign ............................................................... 5

    D.    Samsung Sues in New York .................................................................... 6

III.  LEGAL STANDARDS ...................................................................................... 7

    A.    Dismissal Under Federal Rule of Civil Procedure 12(b)(6) ................... 7

    B.    Transfer Under Section 1404(a) .............................................................. 7

    C.    Dismissal Under Federal Rule of Civil Procedure 12(b)(7) ................. 10

IV.   ARGUMENT .................................................................................................... 11

    A.    Solas's Suit Should Be Dismissed Under the ████████████ ...................... 11

        1.    The '767 Patent Is A ██████████" ................................................ 11

            a.    Solas and Neodron Are Closely Related or Alter Egos .............. 11

            b.    Neodron Controls Solas's Patent Portfolio ................................. 16

            c.    Solas Is a "Licensor" Under the ████████████ ................... 17

        2.    Solas Is Required to Dismiss This Action ............................................... 18

    B.    Alternatively, Solas's Suit Should Be Transferred to the SDNY ....................... 20

        1.    This Case Could Have Been Brought in the SDNY ............................... 20

        2.    The ██████████████████ Compels Transfer ................... 21

        3.    The Public Interest Factors Collectively Favor Transfer ........................ 22

            a.    Familiarity with Governing Law Strongly Favors Transfer ........ 23

            b.    Remaining Factors Are Neutral ................................................... 23

**TABLE OF CONTENTS**
(continued)

Page

C.    Dismissal or Transfer Is Also Required Because Neodron Is Indispensable Under Rule 19 and Cannot Be Joined .................................................................. 24

    1.    Absent Neodron, Samsung Risks Having to Pay Twice for the Same Patent ........................................................................................... 24

    2.    Neodron Is Not Subject to Personal Jurisdiction in This District ........... 26

    3.    Inability to Join Neodron Mandates Dismissal or Transfer .................... 26

V.    CONCLUSION .......................................................................................................... 27

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguas Lenders Recovery Grp. v. Suez, S.A.*,
    585 F.3d 696 (2d Cir. 2009)..................................................................................12

*Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
    571 U.S. 49 (2013)..................................................................................... *passim*

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................................7

*Boles v. Greeneville Hous. Auth.*,
    468 F.2d 476 (6th Cir. 1972) .............................................................................26

*Bridas S.A.P.I.C. v. Gov't of Turkmenistan*,
    345 F.3d 347 (5th Cir. 2003) .............................................................................14

*Casville Invs., Ltd. v. Kates*,
    No. 12 Civ. 6968 (RA), 2013 WL 3465816 (S.D.N.Y. July 8, 2013) ..................13

*Certain Active Matrix OLED Display Devices and Components Thereof*,
    No. 337-TA-1225 (U.S. Int'l Trade Comm'n) ......................................................3

*Certain Active Matrix OLED Display Devices and Components Thereof*,
    No. 337-TA-1243 (U.S. Int'l Trade Comm'n) ......................................................4

*Certain Capacitive Touch-Controlled Mobile Devices, Computers, and
    Components Thereof*,
    Inv. No. 337-TA-1193 (U.S. Int'l Trade Comm'n) ..............................................3

*Certain Touch-Controlled Mobile Devices, Computers, and Components Thereof*,
    Inv. No. 337-TA-1162 (U.S. Int'l Trade Comm'n) ..............................................3

*Claudio-De Leon v. Sistema Universitario Ana G. Mendez*,
    775 F.3d 41 ..........................................................................................................7

*Collins v. Morgan Stanley Dean Witter*,
    224 F.3d 496 (5th Cir. 2000) ...............................................................................7

*Droplets, Inc. v. E*TRADE Fin. Corp.*,
    No. 2:11-CV-255, 2012 WL 3133398 (E.D. Tex. Mar. 5, 2012) .........................24

*In re EMC Corp.*,
    501 F. App'x 973 (Fed. Cir. 2013) .....................................................................10

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*EVS Codec Techns., LLC v. LG Elecs., Inc.*,
No. 2:18-cv-00343-JRG, 2019 WL 2904747 (E.D. Tex. July 5, 2019)...........................21, 22

*Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*,
651 F.3d 1355 (Fed. Cir. 2011)......................................................................................9, 22

*In re Genentech*,
566 F.3d 1338 (Fed. Cir. 2009)........................................................................................24

*Hoffman v. Blaski*,
363 U.S. 335 (1960)..........................................................................................................10

*HS Res., Inc. v. Wingate*,
327 F.3d 432 (5th Cir. 2003) ............................................................................................10

*Martinez v. Bloomberg LP*,
740 F.3d 211 (2d Cir. 2014)..............................................................................................12

*Montecosaro Soc. Cooperativa v. Small*,
No. 20-285-CV, 2021 WL 1051736 (2d Cir. Mar. 19, 2021)...........................................19

*In re Morgan Stanley*,
417 F. App'x 947 (Fed. Cir. 2011) ...................................................................................24

*Neodron Ltd. v. Samsung Elec. Co., Ltd. et al.*,
No. 1:19-cv-00903-ADA (W.D. Tex.).................................................................................3

*Neodron Ltd. v. Samsung Elec. Co., Ltd. et al.*,
No. 6:19-cv-00323-ADA (W.D. Tex.).................................................................................3

*Neodron Ltd. v. Samsung Elec. Co., Ltd. et al.*,
No. 6:20-cv-00121-ADA (W.D. Tex.).................................................................................3

*NuMSP, LLC v. St. Etienne*,
462 F. Supp. 3d 330 (S.D.N.Y. 2020).........................................................................12, 13

*Optimum Content Prot., LLC v. Microsoft Corp.*,
2014 WL 12452439 (E.D. Tex. Aug. 25, 2014) .................................................................25

*Overseas Ventures, LLC v. ROW Mgmt., Ltd., Inc.*,
No. 12 Civ. 1033 (PAE), 2012 WL 5363782 (S.D.N.Y. Oct. 26, 2012) ..............................13

*Podesta v. Hanzel*,
684 F. App'x 213 (3d Cir. 2017) ........................................................................................7

████████████████████

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Prospect Funding Holdings, LLC v. Vinson*,
    256 F. Supp. 3d 318 (S.D.N.Y. 2017)...............................................................................13, 14

*Pulitzer Polster v. Pulitzer*,
    784 F.2d 1305 (5th Cir. 1986) ........................................................................ *passim*

*Recurrent Cap. Bridge Fund I, LLC v. ISR Sys. and Sensors Corp.*,
    875 F.Supp.2d 297 (S.D.N.Y. 2012).........................................................................13

*Rousset v. AT&T Inc.*,
    No. A-14-CV-0843-LY-ML, 2015 WL 9473821 (W.D. Tex. Dec. 28, 2015).........................7

*Scrum All., Inc. v. Scrum, Inc.*,
    No. 4:20-CV-227, 2021 WL 798310 (E.D. Tex. Feb. 26, 2021), *order
    clarified,* No. 4:20-CV-227, 2021 WL 1845154 (E.D. Tex. May 7, 2021).............................19

*Solas OLED Ltd. v. Samsung Display Co., Ltd., et al.*,
    No. 2:19-cv-00152-JRG (E.D. Tex. May 2, 2019),.........................................................3, 4, 6

*Stellar Restoration Servs., LLC v. James Christopher Courtney*,
    No. 4:20-cv-382-SDJ-KPJ, 2021 WL 1345534 (E.D. Tex. Mar. 11, 2021).........................14

*Sultana Ent., L.L.C. v. Gutierrez*,
    740 F. App'x 81 (5th Cir. 2018) ................................................................................7

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S. Ct. 1514 (2017)................................................................................................8, 20

*Tessera Advanced Techs., Inc. v. Samsung Elecs. Co., Ltd.*,
    No. 2:17-cv-00671-JRG, 2018 WL 8014281 (E.D. Tex. Sept. 5, 2018)................................22

*Thompson v. City of Waco, Texas*,
    764 F.3d 500 (5th Cir. 2014) ...................................................................................7

*Trodale Holdings LLC v. Bristol Healthcare Inv'rs, L.P.*,
    No. 16 Civ. 4254 (KPF), 2017 WL 5905574 (S.D.N.Y. Nov. 29, 2017) ...............................14

*Uniloc USA, Inc. v. Cisco Sys., Inc.*,
    No. 6:15-CV-1175-JRG, 2017 WL 959856 (E.D. Tex. Mar. 13, 2017)..................................22

*In re Union Elec. Co.*,
    787 F.3d 903 (8th Cir. 2015) ...................................................................................7

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*In Re Volkswagen AG,*
   371 F.3d 201 (5th Cir. 2004) .........................................................................8, 9, 21

*In Re Volkswagen of Am., Inc.*
   545 F.3d 304 (5th Cir. 2008) .........................................................................8, 9, 20

*VTX Commc'ns, LLC v. AT&T, Inc.,*
   No. 7:19-cv-00269, 2020 WL 4465968 (S.D. Tex. Aug. 4, 2020)..........................................14

*Vuzix Corp. v Pearson,*
   No. 19 Civ. 689 (NRB), 2019 WL 5865342 (S.D.N.Y Nov. 6, 2019) ....................................14

*Weber v. PACT XPP Techs., AG,*
   811 F.3d 758 (5th Cir. 2016) .........................................................................12

*Yeda Rsch. & Dev. Co. Ltd. v. iCAD, Inc.,*
   No. 18 Civ. 8083 (GBD), 2019 WL 4562409 (S.D.N.Y. Sept. 5, 2019).................................13

*Zix Corp. v. Echoworx Corp.,*
   No. 2:15-cv-01272-JRG, 2016 WL 7042221 (E.D. Tex. June 9, 2016)............................9, 22

**Statutes**

28 U.S.C. § 1400(b) ...................................................................................8, 20

28 U.S.C. § 1404(a) ...................................................................................7

**Rules**

Fed. R. Civ. P. 4(k)(2)................................................................................8, 21

Fed. R. Civ. P. 8(a)(2)................................................................................7, 11

Fed. R. Civ. P. 12(b)(6)...............................................................................7

Fed. R. Civ. P. 19(a) .................................................................................24

Fed. R. Civ. P. 19(a)(1)(A)...........................................................................10

Fed. R. Civ. P. 19(b) .................................................................................10

██████████████████████████

## I.     INTRODUCTION

Solas OLED Ltd. has filed the wrong case in the wrong jurisdiction.  Solas has asserted patents ████████████████████████████████████████████.  In ████████████, Neodron Ltd. ██████████████ to Defendant Samsung Electronics Co., Ltd. ("SEC") and its affiliate Defendant Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") for all patents █████████████████████████████████.  Because the patents Solas has asserted here are ██████████████████████, this lawsuit should be dismissed.  At a minimum, it should be transferred to the Southern District of New York (the "SDNY"), where a lawsuit that would resolve this Action is now pending between Samsung, Solas, and Neodron.  That action was filed in New York because ████████████████████ ████████████████████████.  Neodron represented and warranted that ████████████████████████████, so Solas, in addition to Neodron, should be considered a ████████ and required to comply with the ████████████████████████.  Indeed, given the close relationship between Solas and Neodron, Solas should be bound to the ██████████████████ ████ regardless.  This case should be dismissed or transferred to the SDNY.

Since May 2019, Solas and Neodron have engaged in a relentless campaign of litigation against the Samsung family.  Between the two entities, they have filed no fewer than *twelve* lawsuits in the United States against Samsung, asserting dozens of patents.  In ████████████ SEC settled all then-pending actions filed by Neodron.  To document the settlement, SEC and Neodron entered into a ████████████████████████.  ████████████  The  two  related  ████████  together  with  their  exhibits  form  the  ██████ ████████  which is attached as Exhibit 1.  ████.  The ██████████████ to Samsung a ████████████████████

1

█████████████████████████████████████████████████████████

████████████████████████████    Samsung also secured an assurance in the

███████████████ that ████████████████████████████████████████████

███████ Neodron represented and warranted that it owned or controlled all rights necessary to

█████████████.

The litigation did not abate with the signing of the ████████████, however. Solas, Neodron's alter ego or closely related entity, has continued this litigation campaign against Samsung. Solas filed this Action in March 2021, originally asserting U.S. Patent Nos. 9,292,144 ("the '144 Patent") and 8,526,767 ("the '767 Patent"). ██████████████████████████ ██████████████████████████████████████████. And Samsung now understands that Neodron also controls or has the ability to ██████ the '767 Patent, putting it likewise within the scope of ██████████████.

In an attempt to resolve this issue without the Court's intervention, Samsung requested that ████████████████████████████████████████████████████████████ ████████████████████████████. Solas and Neodron refused, disputing the applicability of the ██████ to this dispute.

While Solas and Neodron might dispute the application of the ████████████████ to this case, that question is itself governed by the ██████████████. And the ████████████████ requires that ████████████████████████████████████████████. Moreover, Neodron is a necessary party because, without Neodron, Samsung risks having to pay Solas for a patent that Samsung already ██████████████████. But Neodron is not subject to personal jurisdiction in this District. Samsung has thus filed a complaint in the SDNY naming Solas and Neodron and seeking, among other things, a declaration of its rights to the '767 and '144

Patents.  In light of that suit and ████████████████████████████ if the Court chooses not to dismiss the case entirely, Samsung respectfully requests the Court to transfer this case to the SDNY—████████████████████████.

## II.    BACKGROUND

### A.    Solas's and Neodron's Litigation Campaign

Solas commenced litigation against Samsung in May 2019, filing an action in this District against Samsung, alleging patent infringement.  *See Solas OLED Ltd. v. Samsung Display Co., Ltd., et al.*, No. 2:19-cv-00152-JRG (E.D. Tex. May 2, 2019), ECF No. 1.  Later that same month, Neodron filed actions in the International Trade Commission and the Western District of Texas asserting that Samsung was infringing additional patents.  *See Certain Touch-Controlled Mobile Devices, Computers, and Components Thereof*, Inv. No. 337-TA-1162 (U.S. Int'l Trade Comm'n); *Neodron Ltd. v. Samsung Elec. Co., Ltd. et al.*, No. 6:19-cv-00323-ADA (W.D. Tex.).   In June 2019, Neodron filed another action for alleged patent infringement in the Western District of Texas.  *See Neodron Ltd. v. Samsung Elec. Co., Ltd. et al.*, No. 1:19-cv-00903-ADA (W.D. Tex.). While Neodron was actively litigating these patents against Samsung, Neodron assigned the '144 Patent to Solas.  Within a few months, it became clear why—by assigning the '144 Patent to Solas, Neodron sought to exclude it from any future settlement with Samsung and to improperly retain its (or Solas's) ability to sue Samsung.

In February 2020, Neodron filed actions in the International Trade Commission and the Western District of Texas asserting additional patents against Samsung.  *See Certain Capacitive Touch-Controlled Mobile Devices, Computers, and Components Thereof*, Inv. No. 337-TA-1193 (U.S. Int'l Trade Comm'n); *Neodron Ltd. v. Samsung Elec. Co., Ltd. et al.*, No. 6:20-cv-00121-ADA (W.D. Tex.).  In September 2020, Solas filed additional actions asserting patent infringement in the International Trade Commission and the Eastern District of Texas.  *See Certain Active*

3

*Matrix OLED Display Devices and Components Thereof*, No. 337-TA-1225 (U.S. Int'l Trade Comm'n); *Solas OLED Ltd. v. Samsung Elec. Co., Ltd., et al.*, No. 2:20-cv-00307-JRG (E.D. Tex. Sept. 15, 2020), ECF No. 1. Solas thereafter terminated the 1225 Investigation and in December 2020 filed another action in the International Trade Commission alleging infringement of the same patents filed in the 1225 Investigation. *See Certain Active Matrix OLED Display Devices and Components Thereof*, No. 337-TA-1243 (U.S. Int'l Trade Comm'n).

**B.    Samsung Pays for Permanent Peace**



In ████████, Neodron and SEC agreed to settle their disputes and entered into the ████████. ████████████████████████████████████. Samsung ████████.

In the ████████, Neodron provided SEC and its affiliates (including SEA) a broad ████████ The ████████ defines ████ to mean ████████████████████████████████████████████████

The ████ is defined in the ████████ as ████████████████████. In other words, Samsung bargained and paid for the broadest possible ████—████████████████████████ ████ were just a starting point.

The broad definition of ████ makes sense because at the time it entered the ████ ████, Samsung thought it purchased complete and permanent peace. But Samsung could not possibly know what patents Neodron ████████████████████

4

██████████████████████████████████████. Samsung has only recently

become aware that Neodron, at least as of today, controls some or all of Solas's patents and that

Solas must be considered a ██████████

    In the ████████████, Neodron represented that it was "████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████. And Neodron further agreed to ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

### C.    Solas Continues the Campaign

Despite the settlement—and Samsung's large check—Solas continued to litigate its earlier

actions against Samsung. Solas's first action was tried by a jury in this Court and resulted in a

verdict on March 8, 2021.

On or about March 22, 2021, Solas filed this Action against Samsung asserting two more

patents—the '144 and '767 Patents. *See* ECF No. 1. ████████████████████

██████████████████████████. And the '767 Patent, ████████████████, is covered

by the ████████████████ for the reasons explained below.

Upon learning of this Action, Samsung notified Solas and Neodron that the suit was

frivolous for several reasons, including because Samsung is ████████████████████.

Despite this notice, Solas and Neodron refused to dismiss the suit. On April 16, 2021, however,

Solas filed an amended complaint alleging infringement of the '767 Patent, but not the '144 Patent. *See* ECF No. 11. The amended complaint does not resolve the parties' dispute about the '144 Patent because a representative of Neodron and Solas has since disavowed the ███ ████████ application to the '144 Patent and asserted that Samsung ████████████. *See* E-mail from J. Padian to C. Ahn (May 21, 2021, 06:15 AM PT) (Exhibit 2, annotated).

### D.    Samsung Sues in New York

Faced with ongoing lawsuits and multiple breaches of ███████████, Samsung has sought recourse in the SDNY, ████████████████████████████ ████████████████. Samsung has recently filed in the SDNY a complaint seeking, among other things, a declaration of its rights to the '144 and '767 Patents. *See Samsung Elec. Co., Ltd., et al. v. Solas OLED Ltd. and Neodron Ltd.*, No. 1:21-cv-05205-LGS, ECF No. 3 (Exhibit 3). Samsung filed the lawsuit in New York because ████████████ requires that ████████████████████████████████████████████████

and further dictates that:



---

## III.    LEGAL STANDARDS

### A.    Dismissal Under Federal Rule of Civil Procedure 12(b)(6)

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive dismissal, a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Thompson v. City of Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court may consider "the contents of the pleadings, including attachments," as well as the defendant's motion to dismiss and documents attached to it that are referred to in the complaint and are central to the plaintiff's claim. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).

Federal courts routinely endorse the filing of "a motion to dismiss based on a ███ ████████ as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6)." *Claudio-De Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 46 (internal quotation marks omitted); *see also Podesta v. Hanzel*, 684 F. App'x 213, 216 (3d Cir. 2017); *In re Union Elec. Co.*, 787 F.3d 903, 910 (8th Cir. 2015); *Rousset v. AT&T Inc.*, No. A-14-CV-0843-LY-ML, 2015 WL 9473821, at *2 (W.D. Tex. Dec. 28, 2015); *cf. Sultana Ent., L.L.C. v. Gutierrez*, 740 F. App'x 81, 82 n.1 (5th Cir. 2018) (declining to decide this issue).

### B.    Transfer Under Section 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To justify transfer under § 1404(a), Samsung must first show that the claims

"might have been brought" in the proposed transferee district. *In Re Volkswagen of Am., Inc*. 545 F.3d 304, 312–13 (5th Cir. 2008) ("*Volkswagen II*"). Second, Samsung must show "good cause" by demonstrating that the "transferee venue is clearly more convenient" than the transferor district. *Id.* at 315. As shown below, Samsung has satisfied both requirements.

For the first requirement, "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see also TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017). For purposes of patent venue, a domestic corporation "resides" only in its state of incorporation. *See TC Heartland*, 137 S. Ct. at 1514. For a foreign defendant, *i.e.* a defendant who is not subject to jurisdiction in any state's courts of general jurisdiction, an action may be brought against it in any district as long as the claim arises under federal law and exercising jurisdiction is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

For the second requirement, the Court should weigh both private and public interest factors in evaluating convenience. *In Re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*. This list is "not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, at 315.

The Court should also transfer the case under § 1404(a) if there is an applicable ███ ███████. *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 52 (2013). "[P]roper application of § 1404(a) requires that a ████████████ be given controlling weight in all but the most exceptional cases." *Id.* at 59–60 (internal quotation marks omitted). To determine whether transfer under a ████████████ is appropriate, the Court should follow a two-step analysis.

The Court should first determine if the ████████████ governs this dispute. *See Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1359 (Fed. Cir. 2011). The applicability of a ████████████ often arises when a defendant accused of patent infringement asserts a defense based on a ████████████. *See, e.g., Zix Corp. v. Echoworx Corp.*, No. 2:15-cv-01272-JRG, 2016 WL 7042221, at *1 (E.D. Tex. June 9, 2016). The Federal Circuit has held that a ████████████ applies if the nexus between the case and the agreement at issue is "non-frivolous." *See Gen. Protecht Grp.*, 651 F.3d at 1359. In *Zix*, this Court examined the continuum between a wholly frivolous assertion of a ████████████ and a conclusive showing of success on the merits to find the "attachment point" at which the asserted defense becomes "non-frivolous." *See* 2016 WL 7042221, at *3. This Court concluded that the elusive attachment point is "[a]lmost assuredly . . . found before we reach the mid-point of the spectrum" and that it is probably "found nearer the one-quarter marker." *Id.*

If the Court finds that this dispute triggers the ████████████, then the Court "should ordinarily transfer the case to the ████████████ [unless there are] . . . extraordinary circumstances unrelated to the convenience of the parties" that disfavor transfer. *Atl. Marine*, 571 U.S. at 62. This "requires district courts to adjust their usual § 1404(a) analysis in three ways." *Id.* at 63. "First, the plaintiff's choice of forum merits no weight" and "the plaintiff

bears the burden of establishing that transfer to the forum for which ██████████ is unwarranted." *Id.* Second, the Court "should not consider arguments about the parties' private interests" and "may consider arguments about public-interest factors only." *Id.* at 64. The Court should assess these factors based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960); *accord In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013). Third, when a ██████████ controls, "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Atl. Marine*, 571 U.S. at 64.

### C.    Dismissal Under Federal Rule of Civil Procedure 12(b)(7)

Federal Rule of Civil Procedure 12(b)(7) provides that federal courts should dismiss a plaintiff's claims when it cannot join an indispensable party as required by Rule 19. *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). Federal Rule of Civil Procedure 19 "seeks to bring into a lawsuit all those persons who ought to be there by requiring joinder." *Pulitzer Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986). Under Rule 19(a), a plaintiff must join a party when "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Rule 19(b) sets forth four factors the Court must analyze to determine whether an action should be dismissed for failure to join a proper party: (1) the extent to which a judgment rendered in the party's absence might be prejudicial to that party or others in the lawsuit; (2) the extent to which the possible prejudice can be lessened or avoided by including protective provisions in the judgment, specifically shaping the relief, or utilizing other measures; (3) whether a judgment rendered in the party's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the party cannot be joined. Fed. R. Civ. P. 19(b).

While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after "an initial appraisal of the facts indicates that a possibly necessary party

10

is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Pulitzer*, 784 F.2d at 1309.

## IV.    ARGUMENT

### A.    Solas's Suit Should Be Dismissed Under the ███████████

A complaint should be dismissed if the plaintiff is not able to show "that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Here, Solas cannot show that it is entitled to relief because Samsung ████████████████████.  Moreover, because Solas is bound to the ████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████, Solas is obligated to dismiss this suit.

### 1.    The '767 Patent Is A ████████████

For multiple reasons, the '767 Patent is properly considered a ████████████████ ████████, meaning Samsung has ████████████████████████████████ ████████████████████████.

#### a.    *Solas and Neodron Are Closely Related or Alter Egos*

It is undisputed that Neodron is bound to ██████████████, and there are multiple reasons why Solas should be as well.  First, Neodron and Solas have such a unity of interest and ownership that they should be considered closely related, meaning Solas should also be bound to ████████████████████.  Given this close relationship, Solas should have foreseen that it would be bound to ████████████████████.  Second, and in the alternative, Solas and Neodron are alter egos.  Solas and Neodron commingle funds and other resources, have overlapping owners, officers, and directors, share offices and employees, and in general have such a unity of interest and ownership that the separate personalities of the corporations no longer exist.  They should not be allowed to retain their separate corporate status

in order to achieve inequitable results such as suing Samsung for patents that Samsung paid Neodron to license. Thus, Solas is also bound to █████████████ because it and Neodron are essentially the same entity.

To assess whether Solas should be bound to ████████████████████ ████, the Court must first determine whether the question should be analyzed under New York or Texas law. ███████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████.

Given this ██████████████, both Texas and New York require that New York substantive law be used to determine whether Solas is bound to ███████████████ ████. *See Martinez v. Bloomberg LP*, 740 F.3d 211, 220 (2d Cir. 2014) ("To ensure that the meaning given to a ████████ clause corresponds with the parties' legitimate expectations, courts must apply the law contractually chosen by the parties to interpret the clause."); *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 770 (5th Cir. 2016) (finding Texas choice-of-law analysis requires agreement to be interpreted under German law as provided for in agreement).

Under either New York or Texas law, Solas is bound to the ███████████████ ██████████████. In New York, it "is well settled that 'the fact [that] a party is a non-signatory to an agreement is insufficient, standing alone, to preclude enforcement of a ████ ████████.'" *NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 350 (S.D.N.Y. 2020) (quoting *Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 701 (2d Cir. 2009)). As such, "'█ ████████████ may bind non-signatories" under certain circumstances. *See, e.g., Overseas Ventures, LLC v. ROW Mgmt., Ltd., Inc.*, No. 12 Civ. 1033 (PAE), 2012 WL 5363782, at *5

(S.D.N.Y. Oct. 26, 2012) (finding non-signatory bound to ███████████████ The non-signatory is bound to a ███████████████ if the non-signatory is "closely related" to a signatory of the agreement. *See Casville Invs., Ltd. v. Kates*, No. 12 Civ. 6968 (RA), 2013 WL 3465816, at \*5 (S.D.N.Y. July 8, 2013).  "While the Second Circuit has not reached the question of when a signatory may enforce a ███████████████ against a non-signatory, a number of district court cases in this Circuit have embraced the 'closely related' standard in cases analogous to this one." *Prospect Funding Holdings, LLC v. Vinson*, 256 F. Supp. 3d 318, 324 (S.D.N.Y. 2017) (collecting cases).

The key inquiry in the "closely related" analysis is whether "enforcement of the ███████████████ is foreseeable by virtue of the relationship between the signatory and the party sought to be bound." *Yeda Rsch. & Dev. Co. Ltd. v. iCAD, Inc.*, No. 18 Civ. 8083 (GBD), 2019 WL 4562409, at \*6 (S.D.N.Y. Sept. 5, 2019); *see also Recurrent Cap. Bridge Fund I, LLC v. ISR Sys. and Sensors Corp.*, 875 F.Supp.2d 297, 307–08 (S.D.N.Y. 2012) ("[T]he enforcement of the ███████████████ against the non-party must have been foreseeable prior to suit, which implies that the non-signatory must have been otherwise involved in the transaction in some manner.").  The relevant question here is therefore whether it was reasonably foreseeable that Solas would be bound by the ███████████████, not whether it was reasonably foreseeable that there would be a contractual dispute with a signatory. *See Prospect*, 256 F. Supp. 3d at 325. New York courts "have generally found such close relationship in two kinds of situations: (1) where the non-signatory had an active role in the transaction between the signatories, or (2) where the non-signatory had an active role in the company that was the signatory." *NuMSP*, 462 F. Supp. 3d at 351 (internal quotation marks omitted).  Some courts have also found that "[n]on-signatory alter-egos, corporate executive officers, and successors-in-interest," as well as "third-party

beneficiar[ies] to a contract" could, under certain circumstances, satisfy the "closely related" test.  *See Vuzix Corp. v Pearson*, No. 19 Civ. 689 (NRB), 2019 WL 5865342, at *5 (S.D.N.Y Nov. 6, 2019); *see also Trodale Holdings LLC v. Bristol Healthcare Inv'rs, L.P.*, No. 16 Civ. 4254 (KPF), 2017 WL 5905574, at *8 (S.D.N.Y. Nov. 29, 2017); *Prospect*, 256 F. Supp. 3d at 325.

   Similarly, the Fifth Circuit has recognized that ████████████ can apply to non-signatories.  *See, e.g.*, *Stellar Restoration Servs., LLC v. James Christopher Courtney*, No. 4:20-cv-382-SDJ-KPJ, 2021 WL 1345534, at *13 (E.D. Tex. Mar. 11, 2021) (citing *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 358 (5th Cir. 2003)).  District courts within this Circuit have found non-signatories bound to a ████████████ when they are "closely related" or "inextricably intertwined" to a signatory.  *Id.* (citing *VTX Commc'ns, LLC v. AT&T, Inc.*, No. 7:19-cv-00269, 2020 WL 4465968, at *4 (S.D. Tex. Aug. 4, 2020)).  These courts have held that a non-signatory "can be bound to a ████████████ if the non-signatory is 'closely related to the dispute such that it becomes foreseeable that it will be bound.'"  *Id.* at *15.  This means that the non-signatory is either "(1) closely related to a signatory, or (2) allegedly engaged in conduct 'closely related' to the contractual relationship."  *Id.*

   Solas and Neodron are closely related, and their interconnectedness is demonstrated by several facts.  First, the two companies share the same corporate address—Suite 23, The Hyde Building Carrickmines, Dublin 18 Ireland.  *See* Orbis Int'l, Neodron Limited Search (last updated May 28, 2021) at 1, 2 (Exhibit 4); Orbis Int'l, Solas OLED Limited Search (last updated May 28, 2021) at 1, 2 (Exhibit 5).  Second, the only four members of Neodron's board of directors are also members of Solas's board of directors.  *See* Ex. 4 at 10; Ex. 5 at 10 (listing Ciaran O'Gara, Sean O'Sullivan, Gerald Padian, and James Michael Prusko as directors in both).  Ciaran O'Gara, Sean O'Sullivan, Gerald Padian, and James Michael Prusko are all listed as senior management in both

companies as well. *See* Ex. 4 at 10; Ex. 5 at 10–11. Third, Neodron's four shareholders—Stephen Mcerlain, Richard Tashjian, Gerald Padian, and Realta Investments Ireland Designated Activity Company—are four of the five shareholders listed for Solas. *See* Ex. 4 at 12, 23; Ex. 5 at 13, 16. Some of these individuals also use the same address for both Solas and Neodron when listing where they work. *Compare* Neodron June 2020 Annual Report (Exhibit 6) *with* Solas 2020 Annual Report (Exhibit 7).



. Yet Mr. Padian is a Director of Solas and has been for the last five years. *See* Gerald Padian, LINKEDIN, https://ie.linkedin.com/in/geraldpadian (last visited June 8, 2021) (Exhibit 8); *see also* Ex. 7 at 4–5. Similarly,

and has also served as Managing Director of Solas since October 2016.

; Ciaran O'Gara, LINKEDIN https://ie.linkedin.com/in/ciaran-o-gara-6324b1147 (last visited June 8, 2021) (Exhibit 9); *see also* Ex. 7 at 2–3. Further, Mr. James Prusko is a senior portfolio manager at Magnetar Capital LLC, the parent entity of both Neodron and Solas. *See* Jim Prusko, Magnetar Leadership, https://www.magnetar.com/who-we-are/leadership/jim-prusko (last visited June 14, 2021) (Exhibit 14). Mr. Prusko is also a Director of both Neodron and Solas. *See* Ex. 4 at 10; Ex. 5 at 10; Ex. 6 at 5–7; Ex. 7 at 6–7.

Mr. Padian often includes the two entities in single communications with Samsung (and, presumably, others). In May 2021,

(Exhibit 10, annotated). Mr. Padian responded that

, but offered, on Solas's behalf, to begin                              . *See* E-mail from J. Padian to

C. Ahn (May 17, 2021, 10:44 PM PT) (Exhibit 12, annotated).  Thus, in the exact same email, Mr. Padian spoke for both Neodron and Solas on the ██████████████████████████████.

For these reasons, Solas is "closely related" to Neodron under New York law (as well as Texas law) and should have foreseen it would be bound by the ██████████████████████ ████████████. Solas took actions through its officers and directors in negotiating on Neodron's behalf the ██████████████ and securing a large royalty payment from Samsung for patents owned by both Solas and Neodron.  By virtue of this active participation by Solas's officers and directors on Neodron's behalf, non-signatory Solas had full knowledge of the ████████████ and should have foreseen that it would be bound by the ██████████████████████. Moreover, Neodron assigned the '144 Patent to Solas after Neodron had already commenced litigation against Samsung and only a few months before entering the ████████ ████████. As shown by Solas's later assertion of the '144 Patent in this suit, the reason for this transfer was simple—to exclude the '144 Patent from the ████████████ and allow Solas and Neodron to continue their litigation campaign against Samsung.  Solas is not an innocent actor here.

> b.    *Neodron Controls Solas's Patent Portfolio*

Second, the ██████████████ defines ████████ as ████████████████████ ██████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ As evidenced by its recent actions, Neodron has control over Solas's patent portfolio and they should therefore be considered ██████████████████████. That Neodron does not own the '767 Patent does not matter—the ██████ definition is written in the disjunctive.  As an example, when Neodron signed the ██████████████, USPTO records showed that Solas was the owner of the '144 Patent.  *See* Patent Assignment Abstract of Title, U.S. Patent No. 9,292,144 (last

accessed June 8, 2021) at 2–3 (Exhibit 11). Yet ████████████████████████████

███████████████████████████████████████████████ In other

words, at the time Neodron signed the ████████████████████████████████

███████████████████████████████████. Having made these ███████████████

█████████ Neodron is now estopped from arguing otherwise.

In addition, when Samsung informed Neodron that Solas had filed suit on patents to which

Samsung had ██████████████████████, Neodron caused Solas to drop the '144 Patent

from this lawsuit. *See* ECF No. 11. As these actions show, Neodron has control over Solas's

patents, including the '767 Patent, even if Neodron is not the recorded owner, because Neodron

can █████████████ to third parties and direct Solas to dismiss causes of action based on those

patents. Due to Neodron's demonstrated level of control, the '767 Patent should be considered a

█████████████████████████████ regardless of whether Neodron is the

recorded owner. Moreover, Neodron and its officers' ability to control and ████████████ from

Solas's patent portfolio is further evidence that Neodron and Solas are closely related or alter egos,

and are truly one entity.

        c.    *Solas Is a* █████████████████████████

The recitals in the ███████████████ state that ████████████████████████

████████████████████████████████████████████████████████████████

█████████    █████████ then represents and warrants in the ███████████████ that ███████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████



███████████████████████████ Because the USPTO assignment database shows

that Neodron assigned Solas the '144 Patent before Neodron executed the ██████████████

Solas and Neodron together must be the ██████████ That is, the only way for ██████████ to be

███████████████████████████████████████, is if ██████████ includes

both Neodron and Solas. Having made these representations and warranties, Neodron is now

estopped from arguing otherwise.

Because Solas is a ████████████████████████, Samsung is ██████████ to practice

██████████████████████████████, and Solas is obligated to ████████████████

█████████████████████████████, including this suit. Solas, in addition,

has implicitly assented to being a ██████████ as it continues to represent that it is the owner of the

'144 Patent, even though it knows ███████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████

For at least these reasons, Solas is bound to the License Agreement.

**2.    Solas Is Required to Dismiss This Action**

Solas, as an entity bound to the ██████████████, is required to dismiss this Action. The

██████████████ provides that ████████████████████████████████████

████████████████████████████████████ In the event that

██████ sues, the ██████████████ further requires that ████████████████████

████████████████████████████████ Although Samsung

has requested dismissal, Solas has not done so. *See* Exs. 2, 10.

While Solas did eventually amend its complaint to no longer assert the '144 Patent, this Action does not bring Solas into compliance with the ███████████. The ███████████ is clear—████████████████████████████████████████████████████████ is contrary to the plain language of the contract and does not satisfy Solas's obligations.[2]

████████████████████████████████████████████████████. To determine whether a district court should dismiss a claim based on a forum-selection clause:

> [courts] employ a four-part test: (1) "whether the clause was reasonably communicated to the party resisting enforcement"; (2) whether the clause is "mandatory or permissive, i.e., . . . whether the parties are *required* to bring any dispute to the designated forum or simply *permitted* to do so"; (3) "whether the claims and parties involved in the suit are subject to the forum selection clause"; and (4) whether the resisting party made "a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching."

*Banca Di Credito Cooperativo di Civitanova Marche e Montecosaro Soc. Cooperativa v. Small*, No. 20-285-CV, 2021 WL 1051736, at *4 (2d Cir. Mar. 19, 2021); *see also Scrum All., Inc. v. Scrum, Inc.*, No. 4:20-CV-227, 2021 WL 798310, at *2 (E.D. Tex. Feb. 26, 2021), *order clarified,* No. 4:20-CV-227, 2021 WL 1845154 (E.D. Tex. May 7, 2021) (explaining that courts in this District use similar test).

All four elements of the test are met here. First, Solas's director, Mr. Padian, conducted the negotiations with Samsung on behalf of Neodron. Thus, ████████████████████████

---

[2] Mr. Padian has in any event led Samsung to believe that another suit on the '144 Patent is likely. In a May 17, 2021 email, Mr. Padian said that although Solas had dropped its claim for alleged infringement of the '144 Patent in this action, this was voluntary rather than required under the ███████████. *See* email from J. Padian to C. Ahn (May 17, 2021, 10:44 PM PT) (Exhibit 12, annotated). Later, in his May 21, 2021 email, Mr. Padian outright denied that the '144 Patent is covered by the L████████████████████████████████████████ Ex. 2. And Mr. Padian's offer to ██████████████████ on the '144 Patent is another implicit accusation that Samsung is somehow infringing the '144 Patent.



(emphasis added)).  Third and as explained above, Solas is bound to the ███████████,

████████████████████████, and this suit relates to the ██████████.  Fourth, Solas

cannot make a sufficiently strong showing that enforcement of the ███████████ would

be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

As such, this Court should dismiss this suit under Rule 12(b)(6) ████████████████████

████.

For at least these reasons, the ███████████ requires Solas to dismiss this suit.

## B.    Alternatively, Solas's Suit Should Be Transferred to the SDNY

If the Court declines to dismiss this case in its entirety, it should transfer the case to the

SDNY because the █████████████████████████████.  The

parties have multiple disputes that █████████████████████, and the ███████

███████ is quite clear: ████████████████████████████████

███████████

### 1.    This Case Could Have Been Brought in the SDNY

This case could have been brought in the SDNY, and thus the threshold issue to justify

transfer under § 1404(a) is met.  *See Volkswagen II*, 545 F.3d at 312–13.  A patent infringement

case may be brought in "the judicial district where the defendant resides."  28 U.S.C. § 1400(b);

*see also TC Heartland*, 137 S. Ct. at 1519.  For purposes of patent venue, a domestic corporation

"resides" only in its state of incorporation.  *See TC Heartland*, 137 S. Ct. at 1514.  SEA is

incorporated in New York. Ex. 3 at ¶ 8.  The SDNY therefore has jurisdiction over it.  The SDNY

also has jurisdiction over SEC because SEC, a foreign corporation, is not subject to jurisdiction in

any state's courts of general jurisdiction, and Solas's claim arises under federal law. *See* Fed. R. Civ. P. 4(k)(2). Accordingly, the threshold requirement for transferring this case is met. *See Volkswagen I*, 371 F.3d at 203.

**2.**      **The Applicable** ████████████████ **Compels Transfer**

If this Action survives dismissal, █████████████████████████████████████ ██████████████████████ *See EVS Codec Techns., LLC v. LG Elecs., Inc.*, No. 2:18-cv-00343-JRG, 2019 WL 2904747, at *2 (E.D. Tex. July 5, 2019) ("proper application of § 1404(a) requires that a ████████████ be 'given controlling weight in all but the most exceptional cases.'") (quoting *Atl. Marine*, 571 U.S. at 52). Samsung provided multiple reasons why the '767 Patent is a ████████████████: Neodron controls it, Solas is a Licensor alongside Neodron under the ████████████, and Solas is bound to the ████████████ due to it being an alter ego of Neodron. Solas's ability to enforce the '767 Patent as it seeks in this Action amounts to a dispute under the ████████████. Samsung maintains that Solas has failed to satisfy its obligations under the ████████████, particularly because the ██████ ██████ requires ████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████

There can be no realistic dispute that the '144 Patent—which Solas originally asserted in this Action—is a ████████████████████████ This fact gives rise to a further dispute between the parties regarding whether Solas is required to ████████████████████████████████████████ ██████████████). The Court will unavoidably be required to interpret the ████████████ ████████████████████ to resolve this dispute.

21

██████████████  *See Tessera Advanced Techs., Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:17-cv-00671-JRG, 2018 WL 8014281, at \*3–4 (E.D. Tex. Sept. 5, 2018) (transferring case in view of ██████████████████ in parties' agreement, explaining that "[i]n order to try this case, the Court must unavoidably interpret" the agreement).

The parties' disputes relate to the ████████████ and are non-frivolous. As explained by this Court in *Zix*, the point where the asserted defense becomes non-frivolous is "[a]lmost assuredly . . . found before we reach the mid-point of the spectrum [between a wholly frivolous assertion of that defense and a conclusive showing of success on the merits]. Probably it is found nearer the one-quarter marker." 2016 WL 7042221 at \*3; *see also EVS Codec*, 2019 WL 2904747, at \*2 ("The Federal Circuit has held that a ████████████ applies if the nexus between the case and the agreement at issue is 'non-frivolous.'") (quoting *Gen. Protech Grp.*, 651 F.3d at 1359). Here, the dispute falls well beyond the "one-quarter marker." Thus, the ██████████ ██████████████████████████████████████

Accordingly, to the extent this case survives Samsung's motion to dismiss, it should be resolved in the SDNY ██████████████████████████. *See Uniloc USA, Inc. v. Cisco Sys., Inc.*, No. 6:15-CV-1175-JRG, 2017 WL 959856, at \*4 (E.D. Tex. Mar. 13, 2017) (plaintiff must "demonstrate 'extraordinary circumstances' that justify departing from [the] ██████████████████████").

### 3. The Public Interest Factors Collectively Favor Transfer

██████████████████████, "a district court may consider arguments about public-interest factors only." *Atl. Marine*, 134 S. Ct. at 582. "Because those factors will rarely defeat a transfer motion, the practical result is that ██████████████████████ except in unusual cases." *Id.* Here, the public factors do not overcome ████████████████.

### a. *Familiarity with Governing Law Strongly Favors Transfer*

Both the SDNY and this District are familiar with patent law.  The ███████████████, however, must ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████  The SDNY's familiarity with ███████████████████████████████ therefore strongly favors transfer.

### b. *Remaining Factors Are Neutral*

At the time this case was filed, there were no co-pending cases involving the '767 Patent.  Thus, there is no prospect for any conflicts of law, and the conflicts of law factor is neutral.

Local interests are neutral.  SEA has a presence in and around the SDNY area as it is incorporated in New York and has a base of operations in the New York metropolitan area.  SEA also has a base of operations in Richardson, Texas, which is within the EDTX.  Neither SEC nor Solas have any relevant connection to this District.  SEC is based in Korea, and Solas is based in Ireland with no identified ties here.

The court-congestion factor is also neutral.  The median time from filing to disposition of civil cases is 6.4 months in the SDNY versus 9.2 months in this District.  *See* Federal Judicial Caseload Statistics 2020 Tables, Median Time From Filing to Disposition of Civil Cases, by Action Take, Table C-5 (Mar. 31, 2020), available at: https://www.uscourts.gov/statistics-reports/federal-judicial-caseload-statistics-2020-tables (Exhibit 13, annotated).  The median time to trial, however, is 33.4 months in the SDNY versus 19.1 months in this District.  *Id.*  Since the results are mixed, this factor is neutral.  Moreover, "this factor is the 'most speculative,' and in situations where 'several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of those other factors.'"

*Droplets, Inc. v. E*TRADE Fin. Corp.*, No. 2:11-CV-255, 2012 WL 3133398, at *6 (E.D. Tex. Mar. 5, 2012) (quoting *In re Genentech*, 566 F.3d 1338, 1347 (Fed. Cir. 2009)).

Furthermore, Solas does not make or sell any product that practices the claimed inventions. *See* ECF 11 at ¶ 1. Accordingly, the court congestion factor is relatively unimportant in this case. *See, e.g.*, *In re Morgan Stanley*, 417 F. App'x 947, 950 (Fed. Cir. 2011) (discounting court congestion factor for non-practicing plaintiff).

### C.    Dismissal or Transfer Is Also Required Because Neodron Is Indispensable Under Rule 19 and Cannot Be Joined

Neodron is an indispensable party under Rule 19, and therefore this lawsuit should be dismissed under Rule 12(b)(7) or transferred to the SDNY where an action is already pending that includes both Solas and Neodron. This ground for dismissal or transfer is independent of █ ████████████████████████████.

Rule 19 provides a two-step analysis for deciding whether to dismiss an action for failure to join an absent party. *See Pulitzer*, 784 F.2d at 1309. First, Rule 19(a) provides a framework to decide whether the Court should join an absent party: a party must be joined if the absent party claims an interest that may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest" or if, in that party's absence, "the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a). Second, Rule 19(b) provides the factors to be considered in determining whether the case should be dismissed if the party cannot be joined.

### 1.    Absent Neodron, Samsung Risks Having to Pay Twice for the Same Patent

With this Action, Samsung risks being ordered to pay Solas damages for a patent Samsung has already paid Neodron ██████. Samsung has paid Neodron ████████████████ to the ██████ which Samsung understands to include the '767 Patent. Yet Solas seeks damages for

24

alleged infringement of that patent.  Therefore, Samsung is subject to substantial risk of incurring

an obligation to pay Solas damages on patents for which Samsung already paid Neodron.  In

*Pulitzer*, the court required joinder of absent parties to avoid double liability: Defendant "may, if

the federal litigation is allowed to proceed, be forced to pay twice for the same alleged misconduct

causing the same harm."  784 F.2d at 1312.  Neodron is necessary because in its absence, Samsung

may effectively be forced to pay twice for the same alleged patent infringement.

Moreover, under the ███████████, Neodron agreed to █████████



██    Samsung also notified Neodron that it breached the ███████████ insofar as Neodron

represented and warranted that it owned all ███████████ and now claims that Solas owns

the '144 and '767 Patents. ███████████. The Court

cannot accord complete relief among the existing parties in Neodron's absence.

Neodron, the absent party, may also have an interest in the '767 Patent and in this dispute

that necessitates joinder.  Neodron may, for example, want to be heard before the Court decides

whether Samsung ███████████. Where contract interpretation is at issue, the

Court should hear from all parties to the contract. *See Optimum Content Prot., LLC v. Microsoft

Corp.*, 2014 WL 12452439, at *3 (E.D. Tex. Aug. 25, 2014) ("Generally, when interpretation of

a contract is necessary, the parties to the contract must be joined.").

Solas bears the burden of demonstrating that Neodron is not a necessary party here, because "when an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Pulitzer*, 784 F.2d at 1309; *accord Boles v. Greeneville Hous. Auth.*, 468 F.2d 476, 478 (6th Cir. 1972) (Where initial appraisal reveals possibility that "an unjoined party is arguably indispensable, the burden devolves upon the party whose interests are adverse to the unjoined party to negate the unjoined party's indispensability to the satisfaction of the court. A failure to meet this burden results in the necessity of either joinder or dismissal."). Given that Solas has sued Samsung for allegedly infringing a patent Samsung ████████████████, Neodron's presence here is certainly "possibly necessary."

### 2.    Neodron Is Not Subject to Personal Jurisdiction in This District

Samsung cannot bring Neodron into this litigation because the Court lacks personal jurisdiction over Neodron. Neodron is an Irish corporation, with its headquarters in Ireland. *See* Ex. 4 at 1; Ex. 6 at 1. To Samsung's knowledge, Neodron does not sell any products in this District (or anywhere else) and has no place of business or other contacts within this District.

### 3.    Inability to Join Neodron Mandates Dismissal or Transfer

If joinder is called for, then Rule 19(b) provides the factors to be considered in deciding whether the suit should be dismissed or transferred if the absent party cannot be joined:

> (1)    the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

> (2)    the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures;

> (3)    whether a judgment rendered in the person's absence would be adequate; and

(4)    whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

These factors dictate that this Action should be dismissed or transferred. First, Samsung will be prejudiced by Neodron's absence because Samsung might be required to pay damages to Solas after Samsung already ███████████████████. Second, this prejudice cannot be lessened or avoided with protective measures. Third, a judgment in Neodron's absence would be inadequate for Samsung because it might not take into account that Samsung already ███████ ███████████████████. Fourth, Solas has an adequate remedy if dismissed for non-joinder—it can pursue its patent claim in the SDNY where an action is already pending that joins Solas and Neodron, and where ██████████████████████████████████ ██████████████████████████.

This case should be dismissed under Rule 12(b)(7) because Neodron is an indispensable party under Rule 19 who cannot be joined for lack of personal jurisdiction in this District.

## V.    CONCLUSION

Samsung respectfully asks the Court to hold Solas to the terms of the ████████████ and dismiss the case. In the alternative, Samsung requests that this case be transferred to the SDNY. The only way to proceed in this case is to first determine whether the ████████████ covers the '767 Patent and whether Solas's assertion of the '144 Patent at the outset mandates dismissal with prejudice. These determinations will unavoidably require the Court to interpret the ████████████████████████████████████████████ ████████. Accordingly, Samsung respectfully requests the Court to dismiss the case entirely or, in the alternative, transfer this case to the SDNY where a lawsuit that will resolve these issues is now pending.

June 14, 2021                          */s/ Melissa R. Smith*

                                           **GILLIAM & SMITH, LLP**

                                           Melissa R. Smith (TX #24001351)
                                           melissa@gilliamsmithlaw.com
                                           303 South Washington Avenue
                                           Marshall, Texas 75670
                                           Telephone: (903) 934-8450
                                           Facsimile: (903) 934-9257

                                           **O'MELVENY & MYERS LLP**

                                           John Kappos (*pro hac vice* forthcoming)
                                           610 Newport Center Drive, 17th Floor
                                           Newport Beach, CA 92660
                                           Telephone: (949) 823-6900
                                           Facsimile: (949) 923-6994

                                           Laura Bayne Gore (*pro hac vice* forthcoming)
                                           Times Square Tower, 7 Times Square
                                           New York, New York 10036
                                           Telephone: (212) 326-2000
                                           Facsimile: (212) 326-2061

                                           Darin Snyder (*pro hac vice* forthcoming)
                                           Nathaniel Legum (*pro hac vice* forthcoming)
                                           Two Embarcadero Center, 28th Floor
                                           San Francisco, CA 94111
                                           Telephone: (415) 984-8700
                                           Facsimile: (415) 984-8701

                                           Ryan Yagura
                                           Nicholas Whilt (*pro hac vice* forthcoming)
                                           400 South Hope Street, 18th Floor
                                           Los Angeles, CA 90071
                                           Telephone: (213) 430-6000
                                           Facsimile: (213) 430-6407

                                           D. Sean Trainor (*pro hac vice* forthcoming)
                                           1625 Eye Street, N.W.
                                           Washington, DC 20006
                                           Telephone: (202) 383-5300
                                           Facsimile: (202) 383-5414
                                           dstrainor@omm.com

                                           *Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 14, 2021.

*/s/ Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF CONFERENCE

On June 14, 2021, pursuant to Local Rule CV-7(h), counsel for Defendants met and conferred with counsel for Plaintiff, and counsel for Plaintiff indicated that Plaintiff is opposed to the relief sought by this Motion.

*/s/ Melissa R. Smith*
Melissa R. Smith

29