IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SOLAS OLED LTD., <br><br> *Plaintiff*, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., <br><br> *Defendants*. | Case No. 2:21-cv-00105-JRG |

### STIPULATED SUPPLEMENTAL PROTECTIVE ORDER
### BETWEEN NONPARTY APPLE INC. AND DEFENDANTS

WHEREAS, the Court entered a Protective Order to protect Party and Non-Party confidential business information in the above-referenced action on August 16, 2021 (Dkt. No. 47) ("Protective Order"); and

WHEREAS, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. (collectively, "Defendants"); and Apple Inc. ("Apple" or "Non-Party"), a non-party to this action, may produce confidential source code, schematics, and other documents in this action that include or incorporate confidential business information ("CBI") belonging to Apple ("Apple CBI"); and

WHEREAS Defendants and Non-Party Apple have agreed to provisions in addition to those contained in the Protective Order to protect against misuse or disclosure of such Apple CBI;

THEREFORE, it is hereby stipulated among Defendants and Apple and ORDERED that source code, schematics, or documents that incorporate Apple CBI produced in connection with the above-captioned action that are designated "Apple – Outside Attorneys' Eyes Only" and/or "Apple – Confidential Source Code" shall be subject to the following restrictions:

1. All review and inspection of Apple's Source Code Material is to take place at the offices of Apple's outside counsel:

    > Walker Stevens Cannom LLP
    > 500 Molino St. #118
    > Los Angeles, California 90013

2. The receiving Party shall be permitted to make no more than 30 pages of printouts of Source Code Material, all of which shall be designated, clearly labelled, and logged as laid out in § 9(h) of the Protective Order (Dkt. 47).  The printouts shall include no more than 15 consecutive pages of Source Code Material.  No additional pages may be printed absent a showing of good cause.

3. Defendants and Apple agree that the name(s) and Curriculum Vitae(s) of all expert witnesses who will have access to Apple CBI will be disclosed in advance, such that Apple may determine whether it has any objections to the expert(s).

4. If any document(s) containing Apple CBI appear on the exhibit list(s) of a party to the above-captioned lawsuit, Defendants are to give written notice by-email to Apple's outside counsel at the time the exhibit list(s) are exchanged.

5. If any document(s) containing Apple CBI are used in open court, including but not limited to at a hearing or at trial, Defendants agree to use reasonable efforts to seal the courtroom and to use reasonable efforts to redact any related portions of the transcript(s).

March 10, 2022                     /s/   Taylor N. Mauze

                                            Taylor N. Mauze
                                            State Bar No. 24102161
                                            tmauze@reichmanjorgensen.com

REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
7500 Rialto Boulevard, Suite 1-250
Austin, Texas 78735
Tel.: (650) 623-5078
Fax: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
1710 Rhode Island Avenue, NW, 12th Floor
Washington, DC 20036
Tel: (202) 894-7311

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of March, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                /s/   *Taylor N. Mauze*
                                                   Taylor N. Mauze