# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SOLAS OLED LTD., | |
| *Plaintiff,* | Case No. 2:21-cv-00105-JRG |
| v. |  |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | **PUBLIC VERSION** |
| *Defendants.* | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | |
| *Counter-Plaintiffs,* | |
| v. | |
| SOLAS OLED LTD., | |
| *Counter-Defendant.* | |

**SAMSUNG'S RESPONSE TO SOLAS'S MOTION TO BIFURCATE SAMSUNG'S
LICENSE DEFENSE AND BREACH OF CONTRACT COUNTERCLAIM BASED ON
<u>THE NEODRON PLA</u>**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ............................................................................................... 1

II.     BACKGROUND ................................................................................................ 1

III.    LEGAL STANDARD ........................................................................................ 2

      A.      Bifurcation Under Rule 42(d) ........................................................... 2

IV.     ARGUMENT ...................................................................................................... 3

      A.      Samsung Is Entitled To A Jury Trial, Making Bifurcation Prejudicial
           And Inefficient ................................................................................... 3

      B.      Solas's Delay In Filing Its Motion To Bifurcate Independently
           Justifies Denial ................................................................................... 4

      C.      Solas Points To No Actual Prejudice or Juror Confusion ............................ 6

      D.      Bifurcation Will Not Promote Convenience or Efficiency .......................... 8

V.      CONCLUSION ................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brad Ragan, Inc. v. Shrader's Inc.*,
  89 F.R.D. 548 (S.D. Ohio 1981) ................................................................. 3

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
  No. 2:15-CV-00011-RSP, 2017 WL 5137401 (E.D. Tex. Nov. 4, 2017), *rev'd on
  other grounds*, 955 F.3d 1317 (Fed. Cir. 2020) ............................................ 9

*Harris Corp. v. Huawei Device USA, Inc.*,
  No. 2:18-cv-00439-JRG, 2019 U.S. Dist. LEXIS 228541 (E.D. Tex. June 12,
  2019) ............................................................................................................ 9

*Image Processing Techs., LLC v. Samsung Elecs. Co.*,
  No. 2:20-CV-00050-JRG-RSP, 2020 WL 3315989 (E.D. Tex. June 18, 2020) .................. passim

*In re Kollel Mateh Efraim, LLC*,
  406 B.R. 24 (Bankr. S.D.N.Y. 2009) ......................................................... 4

*In re Lehman Bros. Holdings, Inc.*,
  No. 10 CIV. 6200 RMBFM, 2011 WL 2651812 (S.D.N.Y. June 22, 2011) ...................... 3, 8, 10

*Kos Pharm., Inc. v. Barr Labs.*,
  218 F.R.D. 387 (S.D.N.Y. 2003) ............................................................. 3, 8, 10

*N. Pipeline Constr. Co. v. Marathon Pipe Line*,
  458 U.S. 50 (1982) ....................................................................................... 4

*Pharmerica Corp. v. Advanced HCS LLC*,
  No. 2:17-CV-00180-JRG, 2018 WL 3326822 (E.D. Tex. May 1, 2018) ........................... passim

*Seaboard Lumber Co. v. U.S.*,
  903 F.2d 1560 (Fed. Cir. 1990) ................................................................ 4

*Smith v. Alyeska Pipeline Serv.*,
  538 F. Supp. 977 (D. Del. 1982) .............................................................. 3

*Team Worldwide Corp. v. Wal-Mart Stores, Inc.*,
  No. 2:17-cv-0235 (E.D. Tex. Sept. 11, 2018) ........................................ 3, 6, 7, 8

*United Servs. Auto. Ass'n v. Mitek Sys. Inc.*,
  No. SA-12-CA-284, 2014 WL 8186642 (W.D. Tex. July 29, 2014) ......................... 7, 8

*United Servs. Auto. Ass'n v. PNC Bank N.A.*,
  No. 2:20-CV-00319-JRG-RSP (E.D. Tex. Feb. 23, 2022) ................................. 9

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Willemijn Houdstermaatschaapij BV v. Apollo Comput. Inc.*,
  707 F. Supp. 1429 (D. Del. 1989) ................................................................ 3, 10

*Wm. Passalacqua Builders, Inc. v. Resnick Devs. S., Inc.*,
  933 F.2d 131 (2d Cir. 1991) ...................................................................... 4

**Other Authorities**

8-42 Moore's Federal Practice—Civil § 42.20 (2018) .................................... 3, 8

Charles Alan Wright, et al., Federal Practice and Procedure §§ 2381, 2387–92, at
  482 (p. 101, 1999 Pocket Part) (1990) ......................................................... 3

**Rules**

Fed. R. Civ. P. 42 ............................................................................. 2

Fed. R. Civ. P. 42(b) ......................................................................... 3

L.R. CV-5(a)(3)(C) ........................................................................... 5

L.R. CV-7(e) ................................................................................ 4

L.R. CV-7(f) ................................................................................ 4

## I.     INTRODUCTION

Solas's Motion to Bifurcate fails to identify any real issues requiring bifurcation and instead appears to be a naked attempt to gain tactical advantage without addressing any procedural problems.  Solas's proposal is to bifurcate into two trials: a first jury trial on infringement, validity, and damages followed by a bench trial on Samsung's license and breach of contract defenses and counterclaims.[1]  But Samsung expressly requested and is entitled to a jury trial on these issues. Dkt. 165 at 27.  Solas's misunderstanding of Samsung's jury trial right and request is fatal to Solas's bifurcation request.  Instead of curing any issues, Solas's proposal would actually prejudice Samsung and be less, not more, efficient.[2]  Simply put, there is no basis for bifurcation and Solas's motion should be denied.

## II.    BACKGROUND



In ▮▮▮▮▮, SEC entered into ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ whereby, in exchange for ▮▮▮▮▮▮▮, it and its affiliates, including SEA, received ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮.  Dkt. 16-1 at 4.  Exhibit A includes ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *Id.* at

34.  Contrary to Solas's assertions here, Neodron represented and warrantied ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *Id.*, § 2.1(e).  The PLA further requires

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *Id.*, § 3(e), 4.

---

[1] "Samsung" refers collectively to Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA").  "Solas" refers to Solas OLED Ltd.

[2] Solas asserts bifurcation is warranted for efficiency's sake, arguing the related license and breach issues should be heard in one day after five days of trial on the issues of infringement, invalidity, and damages.  Dkt. 266 at 1.  If the Court finds bifurcation is warranted, the more efficient course would be to try Samsung's license defense first as there would be no need for the rest of the trial if Samsung prevails.

In March 2021, Solas filed its original complaint in this case, asserting the '144 Patent and the sole patent still at issue in this case, U.S. Patent No. 8,526,767 ("the '767 Patent").  *See* Dkt. 1.  Solas later amended its complaint to withdraw the '144 Patent, but continued to allege infringement of the '767 Patent.  Dkt. 11.  Solas's amendment to withdraw the '144 Patent did not ██████████████████████████████████████████████████████████████.

In May 2021, Samsung provided written notice to Mr. Padian that this suit ████████ ███.  Dkt. 16-2 at 3.  A month later, Samsung again informed Mr. Padian that ██████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ████████████████  Dkt. 16 at 18.  Two months after that, Samsung served its initial and additional disclosures providing notice that it intended to seek a license defense ████████████.  Dkt. 256-2 at 3 ("**Express License(s)**.  Solas's claims of infringement by Samsung are barred or limited because Samsung has been granted express license(s) that cover the '767 Patent and accused products.").  Then, on March 11, 2022, Samsung timely served Solas with its answer, affirmative defenses, and counterclaims, including its breach of contract and license counterclaims, and demand for trial by jury.  *See* Dkt. 165 at 19–23, 27.

Solas then delayed until April 25 to file the instant motion asking the Court to bifurcate Samsung's license defense and breach of contract counterclaim.  Dkt. 266.  The pre-trial conference is currently set for May 12, 2022, with trial set to begin June 6, 2022.  Dkt. 259.

## III.   LEGAL STANDARD

### A.   Bifurcation Under Rule 42(d)

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  Fed. R. Civ. P. 42(b).  Bifurcation "is 'not the normal course of events, and a single trial will usually be more expedient and efficient.'"  *Pharmerica Corp. v. Advanced HCS LLC*, No.

2:17-CV-00180-JRG, 2018 WL 3326822, at *1 (E.D. Tex. May 1, 2018) (quoting 8-42 Moore's Federal Practice—Civil § 42.20 (2018)) (citing Fed. R. Civ. P. 42(b) advisory committee note (1966) ("separation of issues for trial is not to be routinely ordered")).  "Bifurcation is thus the exception, not the rule, and 'the party seeking bifurcation shoulders the heavy burden of establishing that bifurcation is warranted.'"  *Id.* (quoting *In re Lehman Bros. Holdings, Inc.*, No. 10 CIV. 6200 RMBFM, 2011 WL 2651812, at *1 (S.D.N.Y. June 22, 2011)) (citing *Kos Pharm., Inc. v. Barr Labs.*, 218 F.R.D. 387, 391 (S.D.N.Y. 2003) ("[T]he circumstances justifying bifurcation should be particularly compelling and prevail only in exceptional cases.")).

"Merely presenting some proof which supports bifurcation is not sufficient to meet this high burden." *Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 2:20-CV-00050-JRG-RSP, 2020 WL 3315989, at *1 (E.D. Tex. June 18, 2020) (citing *Willemijn Houdstermaatschaapij BV v. Apollo Comput. Inc.*, 707 F. Supp. 1429, 1433–34 (D. Del. 1989)); *see also* Order at 2, *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-cv-0235 (E.D. Tex. Sept. 11, 2018), ECF 430. "The party requesting separate trials bears the burden of convincing the court that such an exercise of its discretion will (1) promote greater convenience to the parties, witnesses, jurors, and the court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party." *Image Processing Techs.*, 2020 WL 3315989, at *1 (citing *Brad Ragan, Inc. v. Shrader's Inc.*, 89 F.R.D. 548, 550 (S.D. Ohio 1981); *Smith v. Alyeska Pipeline Serv.*, 538 F. Supp. 977 (D. Del. 1982); 9 Charles Alan Wright, et al., Federal Practice and Procedure §§ 2381, 2387–92, at 482 (p. 101, 1999 Pocket Part) (1990)).

## IV.    ARGUMENT

### A.    Samsung Is Entitled To A Jury Trial, Making Bifurcation Prejudicial And Inefficient

Samsung is entitled to a jury trial on its license and breach defenses and counterclaims, which undermines Solas's bifurcation request.  License and breach of contract defenses and

counterclaims carry with them a right to trial by jury.  *See Seaboard Lumber Co. v. U.S.*, 903 F.2d 1560, 1563 (Fed. Cir. 1990) ("Seventh Amendment preserves a right to a jury trial on issues of fact in suits for breach of contract") (citing *N. Pipeline Constr. Co. v. Marathon Pipe Line*, 458 U.S. 50 (1982)); *see also In re Kollel Mateh Efraim, LLC*, 406 B.R. 24, 27 (Bankr. S.D.N.Y. 2009) (citing *Wm. Passalacqua Builders, Inc. v. Resnick Devs. S., Inc.*, 933 F.2d 131 (2d Cir. 1991)) (finding "claim of *alter ego* liability" is "triable by a jury").  With Samsung having a right to a jury trial on its license and breach defenses and counterclaims, Solas's assertion that there should be two trials, a first jury trial on the patent issues and a second bench trial on the license and breach issues, is fundamentally wrong.  And it would make no sense to have a first jury trial on the patent issues and then empanel the same jury (or a second jury) on the license and breach issues at some unknown time in the future.  Doing so would be both prejudicial to Samsung and judicially inefficient.

### B.   Solas's Delay In Filing Its Motion To Bifurcate Independently Justifies Denial

Solas waited far too long to file the instant motion—Solas delayed filing until April 25, 2022, just two-and-half weeks before the pre-trial conference.  Solas attempts to minimize its delay by describing itself as having "promptly raised [not filed] the bifurcation issue on April 15," describing it (incorrectly) as well before the pretrial conference and "only a month after Samsung asserted a new breach of contract counterclaim (on March 14)."  Dkt. 266 at 12.  Having raised the issue on April 15, less than two months before trial, inexplicably, Solas then waited another ten days to file its bifurcation motion and did not seek expedited briefing, which means this motion may not be fully briefed until May 25, just ***six business days*** before trial is set to begin.[3]  Solas's

---

[3] Under this District's local rules, briefing on this motion may continue until May 25, 2022, which is after the pre-trial conference and just days before trial is scheduled to begin on June 6, 2022.  *See* L.R. CV-7(e)–(f) (providing 14 days to file response, 7 days to file reply, and 7 days to file sur-reply); *see also* L.R. CV-5(a)(3)(C).

delay alone justifies denial.

Solas's late motion should be seen for its obvious trial gamesmanship.  In similar situations, this Court has rejected such procedural gamesmanship, noting that the "same issues now raised . . . in support of bifurcation have been present for many months and long before the eleventh hour in which the Court and the Parties now find themselves," and that "wait[ing] until the last moment to raise this significant issue . . . hints at procedural gamesmanship, which is not encouraged or facilitate[d] by the Court." *Pharmerica*, 2018 WL 3326822, at *2.  Samsung first asserted a breach of contract claim nearly a year ago in June 2021 in the Southern District of New York, Dkt. 16-3, having notified both Solas and Neodron weeks earlier, Dkt. 16-2.  Beginning in June 2021, the parties then briefed before this Court Samsung's motion to dismiss or transfer this case to the SDNY with Samsung's breach claims being a material part of that briefing.  *See* Dkts. 16, 20, 27, 35.  Samsung then disclosed its intent to rely on its license defense in its August 2021 initial disclosures.  Dkt. 256-2 at 3.  Solas's own August 2021 initial disclosures demonstrate that Solas was fully aware of Samsung's defenses and counterclaims, stating among other things:

- "Solas further identifies Defendants' communications regarding or relating to its licensing defense and ▮▮▮▮▮▮▮▮▮▮▮▮ as potentially relevant (including internal communications and communications with third parties such as ▮▮▮▮▮▮▮▮▮▮  Ex. 1 at 5.
- Identifying as potential witnesses, Gerald Padian in light of his knowledge regarding the "Ownership of the '767 patent; licensing and other transactions involving the '767 patent," and "Defendants' employees knowledgeable about Defendants' defenses, including their licensing defense."  *Id.* at 3, 4.
- As potentially relevant documents, "Documents related to the ownership and licensing of the patent-in-suit and related technology."  *Id.* at 5.

Both parties' 30(b)(6) notices of deposition in late 2021 also contained topics directed towards Samsung's defenses and counterclaims.  *See, e.g.*, Ex. 2 at 8 ("All agreements between Solas, Neodron, or any predecessors-in-interest on the one hand and Samsung on the other hand, including but not limited to the scope of any grant of rights, covenant or release, the financial terms of these agreements, all communications and documents related to the enforceability, scope, or

terms of these agreements, and Solas's knowledge, awareness, and understanding thereof."); Ex. 3 at 14 ("███████████████████████., including negotiations thereof.").[4]  The idea that Samsung's breach of contract counterclaim was "new," Dkt. 266 at 12, or that Solas was somehow surprised by it is disingenuous, rank gamesmanship (at best) and should be rejected.

### C.      Solas Points To No Actual Prejudice Or Juror Confusion

Solas has also not met its "high burden" to show that bifurcation would help avoid prejudice or juror confusion.  *See Image Processing Techs.*, 2020 WL 3315989, at *1.  Solas argues that the "risk of prejudice and juror confusion is demonstrated by the parties' opposed motions *in limine*, several of which pertain to evidence and arguments for Samsung's license defense."  Dkt. 266 at 8.  Solas's concerns echo the ones raised by Samsung in *Image Processing Techs.*, where the Court found that "much of the prejudice that Samsung was concerned about" can be resolved through motion *in limine* practice.  *See* 2020 WL 3315989, at *3.  The Court here can similarly resolve much of Solas's alleged prejudice through motion *in limine* practice without resorting to the abnormal remedy of bifurcation.  *See Pharmerica*, 2018 WL 3326822, at *1.

Solas's boilerplate objections to "more than 140 of Samsung's trial exhibits" on "risk of prejudice and confusion grounds" also do not mandate bifurcation.  *See* Dkt. 266 at 9.  The Court will handle exhibit objections at the pre-trial conference.  To the extent a jury views these exhibits, that necessarily means the Court found the exhibits not to be unduly prejudicial.  And as this Court previously noted when denying a motion to bifurcate, "Defendants will prioritize and streamline their case for presentation to the jury" meaning the parties will not have "an abnormal or unreasonable amount of trial time" on this issue.  *See* Order at 7, *Team Worldwide Corp.*, ECF

---

[4] The parties' early knowledge on the defenses and counterclaims and attendant discovery on them demonstrates the baselessness of Solas's requests for additional discovery or summary judgment briefing on these issues.  *See* Dkt. 266 at 10–11.  Solas itself conceded in its motion that the record contains hundreds of exhibits and numerous deposition transcripts only "relevant to Samsung's license defense," the parties filed several motions in limine relating to these issues, and Solas moved for summary judgment on Samsung's license defense.  *See id.* at 6, 8–11.  Additional discovery and briefing are thus unnecessary and unjustified.

430.

Solas's claims of juror confusion are similarly unpersuasive.  Solas worries that the jury will have to "grapple" with Solas's convoluted corporate structure.  Dkt. 266 at 9.  But the Court has handled similar situations by giving "the jury precise instructions as to the evidence which they may properly consider" with the Court finding that such instructions are "more than sufficient to remedy any concern" the movant had relating to this issue.  Order at 11, *Team Worldwide Corp.*, ECF 430; *see also Image Processing Techs.*, 2020 WL 3315989, at *3.  As the Court previously explained:

> The Court regularly observes a high level of conscientiousness exhibited by jurors in following the law as instructed. The Court has every faith that the jury in this trial will properly abide by the instructions relating to the proper consideration of evidence for those specific issues submitted for their determination. If there is any credible evidence that such has not occurred, the Court has various post-trial tools to address the same. The jury to be empaneled in this trial is entitled to the strong presumption that it will follow the Court's instructions faithfully. An absence of this presumption—which seems to be what [Solas] argue[s] for—would undermine the jury trial system in a way this Court will not countenance.  Accordingly, the Court finds this factor does not weigh in favor of severance.

Order at 11, *Team Worldwide Corp.*, ECF 430; *see also Image Processing Techs.*, 2020 WL 3315989, at *3.  Samsung agrees with the Court that the jury will be able to follow the Court's instructions faithfully and the jury is fully able to "grapple" with Solas's corporate structure that is the foundation for Samsung's license defense.

This case is also relatively simple.  Solas asserts four claims from one patent against Samsung.  Dkt. 257 at 3.  The Court previously denied bifurcation and explained that thirty asserted claims from three patents asserted against four defendants and four intervenor defendants was a "manageable" number of claims.  *See* Order at 5*, Team Worldwide Corp.*, ECF 430.  And Solas's lone citation on this point is distinguishable.  *See* Dkt. 266 at 10 (citing *United Servs. Auto. Ass'n v. Mitek Sys. Inc.*, No. SA-12-CA-284, 2014 WL 8186642, at *2 (W.D. Tex. July 29, 2014)).  In

*Mitek*, a declaratory plaintiff raised eight counts as to five patents, providing significant additional complexity.[5]  *Mitek Sys. Inc.*, 2014 WL 8186642, at *2.  Many fewer claims and patents are at issue here even with Samsung's license defense.

Solas's claims of prejudice ring hollow—it simply points to normal pre-trial issues adequately handled by motion *in limine* and exhibit practice.  And its claims that a jury in this District cannot understand this case are similarly misguided.  Solas has therefore not met its heavy burden to show that Samsung's license defense will cause such prejudice or juror confusion that bifurcation is justified.

### D.    Bifurcation Will Not Promote Convenience Or Efficiency

Solas also argues that bifurcation will promote convenience and efficiency because of the alleged non-overlap between Solas's infringement claim and Samsung's license defense.  Dkt. 266 at 5.  As an initial matter, this Court has recognized that "a single trial will usually be more expedient and efficient.'"  *Pharmerica*, 2018 WL 3326822, at *1 (citing 8-42 Moore's Federal Practice—Civil § 42.20 (2018)); *see also Image Processing Techs.*, 2020 WL 3315989, at *1.  Due to this reality, the Court has found that the cost of multiple trials weighs against bifurcation.  *See* Order at 10, *Team Worldwide Corp.*, ECF 430.  Similarly, the jury's deliberation, which is "an unknown time variable into the Court's schedule" also weighs against bifurcation.  *Id.* at 10–11.  Solas "shoulders the heavy burden of establishing that bifurcation is warranted."  *Pharmerica*, 2018 WL 3326822, at *1 (citing *In re Lehman Bros. Holdings, Inc.*, No. 10 CIV. 6200 RMBFM, 2011 WL 2651812, at *1 (S.D.N.Y. June 22, 2011); *Kos Pharm., Inc. v. Barr Labs.*, 218 F.R.D. 387, 391 (S.D.N.Y. 2003) ("[T]he circumstances justifying bifurcation should be particularly compelling and prevail only in exceptional cases.")).  It fails to meet its burden.

Solas cites one case in support of its assertion that bifurcating Samsung's license defense

---

[5] A declaratory plaintiff's claim for non-infringement would involve every claim of every patent.

"will greatly streamline the upcoming jury trial and promote convenience and efficiency."  Dkt. 266 at 7 (citing Order at 1, *United Servs. Auto. Ass'n v. PNC Bank N.A.*, No. 2:20-CV-00319-JRG-RSP (E.D. Tex. Feb. 23, 2022), ECF 515).  In *PNC Bank*, PNC asserted four new patents against United Services Automobile Association in its counterclaims.  Order at 1, *PNC Bank*, ECF 515 at 1.  The Court decided to separate PNC Bank's counterclaims of patent infringement from the plaintiff's claims of patent infringement.  *See id.* at 1–2.  The Court explained that "[e]xpanding the scope of the technologies presented to the jury adds unnecessary complexity to an already complex matter, thereby increasing the risk of jury confusion."  *Id.* at 2 (citing *Harris Corp. v. Huawei Device U.S., Inc.*, No. 2:18-cv-00439-JRG, 2019 U.S. Dist. LEXIS 228541, *10–11 (E.D. Tex. June 12, 2019)).  While the Court acknowledged that "having two trials will expend more resources," it ultimately severed PNC Bank's four counterclaims of patent infringement while keeping PNC Bank's four other counterclaims.  *Id.*

Samsung is not seeking to add any more patents to this suit and therefore is not "[e]xpanding the scope of the technologies presented to the jury," which was a key determination in *PNC Bank*.  Instead, it seeks to present its defense that it has a license to practice Solas's asserted patent.  No additional technologies or unnecessary complexity will be added.

On the other hand, Solas's proposal would necessitate two trials, which means "judicial economy does not support bifurcating this trial."  *Image Processing Techs.,* 2020 WL 3315989, at *3.  A finding of license would eliminate the need for a trial on infringement, invalidity, or damages, but a finding on those three topics would require a second trial—an inefficient and unnecessarily burdensome outcome.  *See id.* (citing *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011-RSP, 2017 WL 5137401, at *6 (E.D. Tex. Nov. 4, 2017), *rev'd on other grounds,* 955 F.3d 1317 (Fed. Cir. 2020) ("a finding of no infringement could eliminate the need for a trial on willfulness, but a finding of infringement would require a second trial—an inefficient

outcome")).

Samsung's license defense also overlaps with Solas's claim of infringement. Samsung's license defense affects Solas's damages argument insofar as it will prove that Samsung already ████████████████████████. The same witnesses will testify on both issues as well. For instance, Solas designated its corporate representative, Mr. Padian, to testify on issues related to its claim of infringement, alleged damages, and Samsung's license defense. *See* Ex. 4; Ex. 2 at 4–14. Samsung likewise designated its corporate representative, Mr. Ahn, to testify on issues related to both damages and Samsung's license defense. *See* Ex. 5, Ex. 3 at 3–8. Bifurcating the trial will inconvenience these witnesses and require the same set of facts to be repeated.

In sum, Solas points to nothing that suggests Samsung's license defense would be so unduly inconvenient or inefficient that bifurcation is warranted. At most, Solas has merely presented argument to support bifurcation, which is not sufficient to meet its high burden to establish that bifurcation is warranted. *See Image Processing Techs.*, 2020 WL 3315989, at *1 (citing *Willemijn*, 707 F. Supp. 1429, 1433–34 (D. Del. 1989)); *Pharmerica*, 2018 WL 3326822, at *1 (citing *Lehman*, 2011 WL 2651812, at *1; *Kos Pharm*, 218 F.R.D. at 391 ("[T]he circumstances justifying bifurcation should be particularly compelling and prevail only in exceptional cases.")).

V.     **CONCLUSION**

For the foregoing reasons, the Court should deny Solas's motion.

Dated: May 9, 2022                                  */s/ John Kappos*

**O'MELVENY & MYERS LLP**
John Kappos (admitted *pro hac vice*)
Cameron Westin (admitted *pro hac vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 923-6994

Laura Bayne Gore (admitted *pro hac vice*)
Times Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Ryan Yagura (TX #24075933)
Nicholas Whilt (admitted *pro hac vice*)
Nancy Lynn Schroeder (admitted *pro hac vice*)
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Darin Snyder (admitted *pro hac vice*)
Nathaniel Legum (admitted *pro hac vice*)
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

D. Sean Trainor (admitted *pro hac vice*)
1625 Eye Street, N.W.
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Defendants Samsung Electronics Co.,*
*Ltd., and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on May 9, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

*/s/ John Kappos*
John Kappos
O'Melveny & Myers LLP